IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIE C. OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-3479-CV-S-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Julie C. Owens seeks judicial review of the denial of her request for disability benefits. See 42 U.S.C. § 401-434. Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.

I.    STANDARD OF REVIEW

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion. See Craig v. Apfel, 212 F.3d 433, 435 (8th Cir. 2000). The Court does not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Thus, when it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision. See Young v. Apfel, 221 F.3d 1065, 1066 (8th Cir. 2000).

II.    DISCUSSION

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Plaintiff asserts that the Administrative Law Judge ("ALJ")[1] committed two errors in his determination, specifically that the ALJ erred by: (1) not properly allocating weight to the various medical opinions in the record, and (2) not properly assessing Plaintiff's credibility. Plaintiff's allegations of error are addressed in turn.

### A. Medical Opinions

Plaintiff challenges the relative weights the ALJ assigned the various medical opinions in this case. Specifically, Plaintiff contends greater weight should have been given to the medical opinion of Linda Lewis, R.N.C. and less weight to the opinions of David J. Lutz, PhD, and Kenneth Burstin, PhD, regarding Plaintiff's mental impairments. Plaintiff argues that the ALJ improperly relied on the opinion of a non-examining medical expert's opinion over the contradictory opinion of a long-term treating physician.

It is well-established law that a non-examining, non-treating physician's opinion is generally given less weight than the claimant's treating physician. Nevland v. Apfel, 204 F.3d 853 (8th Cir. 2000). However, the treating physician's opinion does not automatically control. Wilson v. Apfel, 172 F.2d 539 (8th Cir. 1999). More weight may be afforded to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist. Metz v. Shalala, 49 F.3d 374, 377 (8th Cir.1995); 20 C.F.R. § 404.1527(d)(5) ("Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Further, though no medical evidence in the record may be disregarded, the ALJ may properly

---

[1] The Honorable Martin F. Spiegel.

discount medical opinion that is inconsistent with, or contradicted by, other evidence in the record, regardless of the source.  See Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

The record indicates that Plaintiff's treating medical source was Nurse Practitioner Linda Lewis.   Ms. Lewis saw Plaintiff frequently over the span of four and one-half years.  Plaintiff argues that Ms. Lewis' opinion was discounted because the ALJ found that she was an unacceptable medical source. (Pl. Brief at p. 35.)  Plaintiff contends that Nurse Lewis is an acceptable medical source and further directs the Court's attention to Ms. Lewis' authority by reference to the fact that supervising doctors signed off on her treatment notes and prescriptions.  Relying on these facts, Plaintiff argues that Ms. Lewis' opinion should have been given controlling weight.  (Pl. Brief at p. 28.)

In his decision, the ALJ found that Ms. Lewis' opinion was not entirely credible.  However, the ALJ makes no specific reference to Ms. Lewis' status nor to whether she was an acceptable medical source.  Instead, the ALJ discounted Ms. Lewis' opinion because it was not substantiated by any reference to specific clinical or other findings and her treatment notes did not document any functional limitations.  (Tr. 22.)  There is no evidence in the record that Ms. Lewis' opinion was assigned less weight because she was a nurse practitioner.

Plaintiff also contends that the ALJ erred by not considering the co-signing physicians as specialists and therefore affording additional weight to the opinion of Nurse Lewis.  (Pl. Brief at p. 40.)  The Court agrees that under certain circumstances there may be good reason to assign to a non-specialist opinion the weight normally reserved to specialists due to a close supervisory or collaborative relationship.  However, the Court does not believe the mere signing of treatment or prescription notes is such a scenario.  Furthermore, Plaintiff has not provided any reference to case

law in this, or any other, circuit that provides the Court with any guidance as to when this would be appropriate. After a close reading of the record, the Court finds that Plaintiff overstates the "active and continuous participation of Drs. Wang and Caputo in the treatment of Ms. Owens," and therefore, the record supports the ALJ's decision to not afford additional weight to the medical opinion of Nurse Lewis because her "specialist" supervising physicians signed off on her treatment notes.

Plaintiff also challenges the ALJ's reliance on the opinions of Drs. Lutz and Burstin. Plaintiff attacks Dr. Lutz's report as "nothing more than vague speculation and a demonstration of a State employee 'covering himself.'" (Pl. Brief at 29.) The Court disagrees. The Court is similarly unconvinced by Plaintiff's contention that the opinions of Drs. Lutz and Burstin are inconsistent with each other. (Pl. Brief at 32). The ALJ is required to consider all credible medical opinions, including those of non-treating medical sources. See McKinney v. Apfel, 228 F.3d 860 (8th Cir. 2000). After review of their reports, the Court finds that the opinions of these two clinical psychologists describe credible diagnoses that are well-explained and supported by the record and the ALJ properly relied on them in determining Plaintiff's residual functional capacity. Accordingly, the Court finds no error in the ALJ's weighing of the various medical opinions in this case

B. Credibility Assessment

In his decision, the ALJ found that the objective evidence did not support a finding of disability to the degree alleged by Ms. Owens. (R. 31.) The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's

subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996). Where the record discloses inconsistencies between the subjective complaints and the objective evidence, an ALJ is permitted discount the weight afforded to the claimant's subjective complaints. Polaski, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).

The ALJ found Plaintiff's testimony regarding her symptoms, impairments, and resultant limitations partially credible. (R. 31.) Acknowledging the Polaski factors, the ALJ evaluated Plaintiff's daily activities, interactions with physicians and therapists, medical records, medications programs and work record. In doing so, the ALJ articulated the specific inconsistencies on which he based his credibility finding. The Court will not disturb the decision of an ALJ who seriously considers, but for good reasons explicitly discredits, a claimant's testimony regarding daily functional limitations. Browning v. Sullivan, 958 F.2d 817, 821 (8th Cir. 1992) (citations omitted). For these reasons, the ALJ's credibility finding is supported by substantial evidence on the record as a whole and the Court finds no error.

### III.  CONCLUSION

Accordingly, after careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and additional medical and documentary evidence—the Court

5

concludes that the ALJ's disability determination is supported by substantial evidence on the record as a whole. Therefore, the Court AFFIRMS the Commissioner's decision denying Plaintiff's application for benefits.

       IT IS SO ORDERED.

                                                                                                         _/s/ Dean Whipple_
                                                                                                         Dean Whipple
                                                                             United States District Court

Date: February 6, 2006